IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN A. GRAY, )
 )
              Petitioner, )
 )
    v. )   Case No. 23-3006-JWL
 )
KEVIN PAYNE, Commandant, )
United States Disciplinary Barracks, )
 )
              Respondent. )
 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner, a military prisoner, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his convictions by court martial. For the reasons set forth below, the Court **denies** the petition. In addition, petitioner's motion for discovery (Doc. # 6) is hereby **denied**, and his motion for an extension of time to file his traverse (Doc. # 12) is **denied as moot**.

Petitioner was convicted after pleading guilty to various offenses related to his alleged sexual assault of his step-daughter. The United States Army Court of Criminal Appeals (ACCA) affirmed petitioner's convictions and sentence, and the Court of Appeals for the Armed Forces (CAAF) denied review of that decision. *See United States v. Gray*, 2019 WL 5604452 (A.C.C.A. Oct. 28, 2019) (unpub. op.), *rev. denied*, 80 M.J. 169 (C.A.A.F. 2020). The ACCA addressed and rejected petitioner's claim on appeal that his defense counsel had been ineffective, in violation of the Sixth Amendment, because they

advised petitioner to plead guilty to offenses he did not commit and to agree to an incorrect stipulation of facts as a part of that plea. *See id.* at *4.

By his present petition, petitioner brings a single claim, as follows: "Petitioner's defense team was ineffective leading up to and at trial in that they advised him to lie in the stipulation of fact and during his providence inquiry in order to receive a plea agreement from the government." As supporting facts, petitioner states that defense counsel "believed petitioner was innocent of the charges against him;" "planned [with petitioner] on a contested trial for a year and a half leading up to the trial;" "failed to uncover motive to fabricate for the main complaining witness;" "knew that petitioner would be lying in the stipulation of fact and providence inquiry;" and "continued to advice [*sic*] petitioner that he would face steeper sentencing if he contended the trial."

Only a week ago, the Tenth Circuit clarified the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by a court martial. *See Santucci v. Commandant*, __ F.4th __, 2023 WL 3070683, at *7-22 (10th Cir. Apr. 25, 2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 10 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair consideration has been given by examining the following four factors:

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* at *11. "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at *12. "[T]his is especially so, when the factor in question is one that [the Tenth Circuit has] described as 'the most important,' that is, the fourth, adequate-consideration factor." *See id.* (quoting *Thomas v. U.S. Disciplinary Barracks*, 625 F.3d 667, 671 (10th Cir. 2010)).

Petitioner has not shown that he can satisfy this standard with respect to all four factors. First, the Court disagrees with petitioner that his claim presents only a question of law concerning whether a trial counsel's advising a client to lie to plead guilty pursuant to a plea agreement or coercing the client to do so constitutes ineffective assistance of counsel. Petitioner and his defense counsel submitted affidavits to the ACCA, and petitioner's allegations concerning statements made to him by counsel were directly contradicted by counsel. The ACCA then applied fact-based factors in holding that a hearing was not required to resolve those issues of fact. *See Gray*, 2019 WL 5604452, at *4-6. The court reviewed the factual record, found that petitioner's allegations were improbable based on that record, and noted that petitioner's credibility had been damaged by occasions in which he had made false statements that he was later forced to retract when confronted with physical evidence. *See id.* at *5. To prove his claim of ineffective assistance of counsel, petitioner would be required to show that his counsel's performance was deficient based on counsel's conduct, and the facts concerning that conduct are not undisputed. In his

3

traverse, petitioner appears to change his claim, arguing that even if counsel did not advise him to lie, they coerced him by telling him not to lie while also stating that he would be better off pleading guilty to offenses they knew he did not commit. Such a claim, however, would turn on factual issues concerning the manner in which counsel made those statements and their belief concerning petitioner's guilt. Accordingly, the Court concludes that petitioner's claim does not present solely an issue of law, and because the second *Dodson* factor weighs against petitioner, the Court may not review the merits of petitioner's claims.

In addition, petitioner cannot establish the fourth *Dodson* factor. Petitioner argues that the ACCA relied only on portions of the affidavits from defense counsel. The ACCA's opinion, however demonstrates that it addressed petitioner's claim of ineffective assistance of counsel, supplemented the record by soliciting affidavits from petitioner's counsel, applied the governing *Strickland* standard, and rejected the claim after an analysis of the record. Thus the military courts gave full and fair consideration to petitioner's claim, and because the fourth *Dodson* factor does not favor petitioner, the Court does not reach the merits of petitioner's claim for that reason as well. The Court therefore denies the petition.

The Court also addresses petitioner's motion for discovery of a transcript of a telephone call between a fellow inmate and the victim of his offenses (his step-daughter). Petitioner has submitted an affidavit by the inmate stating that the victim admitted that she did not wish to testify but that her mother made her do so. A habeas petitioner is not entitled to discovery as a matter of course, although a court may in its discretion grant leave to conduct discovery for good cause shown. *See Bracy v. Gramley*, 520 U.S. 899, 904

(1997) (citing Rule Governing § 2254 cases, Rule 6(a)). Good cause may be shown if specific allegations provide a reason to believe that if facts are fully developed, the petitioner may be able to demonstrate an entitlement to relief. *See id.* at 908-09 (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). As respondent points out in opposing the motion, the alleged statement by the victim does not suggest that petitioner did not commit the crime. Petitioner insists that the statement (along with other evidence) shows a possible motive from the victim to have fabricated her story. In the end, however, the facts at issue in the discovery request do not bear on the *Dodson* factors that preclude this Court's merits review, namely whether the ACCA fully considered the claim and whether the claim involves solely a question of law (indeed, petitioner's reliance on such evidence tends to confirm that the claim involves a consideration of facts). Accordingly, good cause has not been shown, and the Court in its discretion denies the motion for leave to conduct discovery.

Finally, the Court addresses petitioner's motion for an extension of time in which to file a traverse. Petitioner states that he seeks such an extension because the contents of the traverse will depend on the Court's ruling on the discovery motion. Petitioner mailed the motion to the Court on April 17, although it was not filed until April 28, 2023. On April 25, however, petitioner mailed the Court a traverse, which was filed on April 27, 2023. In that traverse, petitioner addressed the relevant *Dodson* factors on which the Court's decision turns. Accordingly, the Court denies the motion for an extension as moot.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for leave to conduct discovery (Doc. # 6) is hereby **denied**.

IT IS FUTHER ORDERED THAT petitioner's motion for an extension of time (Doc. # 12) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 2nd day of May, 2023, in Kansas City, Kansas.

<u>/s/  John W. Lungstrum</u>
Hon. John W. Lungstrum
United States District Judge